IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40431
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAY MARTIN,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:98-CR-155-ALL
- - - - - - - - - -
January 23, 2001

Before DAVIS, JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Ray Martin pleaded guilty to being an unlawful user of a controlled substance in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3). He now appeals his sentence. He argues that the district court erred in not sustaining his objection to a two-level increase pursuant to U.S.S.G. § 2K2.1(b)(1)(B) for his possession of seven firearms in connection with the offense. He contends that there was insufficient evidence to connect him to the four firearms found in his truck. However, Martin was the registered owner of the truck and he was a passenger in the truck

_____

[*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

when it was stopped for a traffic violation, at which point the firearms were found in the truck with Martin, along with drug paraphernalia including eleven syringes. A subsequent search of Martin's person revealed a small amount of methamphetamine in the front pocket of his overalls. Thus, the district court's finding that Martin possessed the firearms, within the meaning of § 2K2.1(b)(1), while an unlawful user of a narcotic, was not clear error. See United States v. Parker, 133 F.3d 322, 330 (5th Cir.)(no clear error where the district court's factual finding is plausible in light of the record read as a whole), cert. denied, 523 U.S. 1142 (1998).

Martin's argument regarding the district court's denial of a three-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, relates to his conviction for theft of Government property and is addressed in that appeal.

AFFIRMED.